1  **LAW OFFICE OF DALE K. GALIPO**
2  DALE K. GALIPO, SBN 144074
   Hang D. Le, Esq., SBN 293450
3  21800 Burbank Blvd., Suite 310
   Woodland Hills, CA 91367
4  Telephone:  (818) 347-3333
   Facsimile:   (818) 347-4118
5
6  **LAW OFFICE OF STEWART KATZ**
   STEWART KATZ, State Bar #127425
7  555 University Avenue, Suite 270
   Sacramento, California 95825
8  Telephone: (916) 444-5678

9  Attorneys for Plaintiffs
10
11            UNITED STATES DISTRICT COURT
12            EASTERN DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| A.A.M., individually and as successor in interest to AUGUSTINE MORALES, Deceased, by and through WENDY GRIJALVA, as Guardian ad Litem; A.B.M., individually and as successor in interest to AUGUSTINE MORALES, Deceased, by and through WENDY GRIJALVA, as Guardian ad Litem ; JOSEPH MORALES, WENDY GRIJALVA, <br><br>            Plaintiffs, <br>     vs. <br><br>CITY OF SACRAMENTO; JEREMIAH JARVIS <br><br>            Defendants. <br>_____/ | **Case No.** 2:21-cv-1619-MCE-JDP <br>(related to Case No. 2:21-cv-2093) <br><br>**STIPULATION TO CONSOLIDATE CASES; ORDER** |

The parties, all Plaintiffs and Defendants in the related cases of *A.A.M. individually and as successor in interest to Augustine Morales, Deceased et al. v. Defendant County of Sacramento et al.*, Case No. 2:21-cv-1619-MCE-JDP and *Roxanne*

*Morales et al. v. County of Sacramento et al.*, Case No. 2:21-cv-2093-MCE-JDP, hereby stipulate an agree as follows:

1. **WHEREAS,** both of the above-referenced related cases seek damages resulting from the same event, the shooting death of Augustine Morales by SPD Sergeant Jeremiah Jarvis (hereinafter referred to as "Decedent") on or about November 14, 2020;

2. **WHEREAS,** Plaintiffs, alleged to be Decedent's minor children, biological father and the minor children's mother filed their initial complaint in Case No. 2:21-cv-1619-MCE-JDP on or about September 9, 2021, asserting constitutional claims on their own behalf as well as constitutional, state law and survivorship claims for the wrongful death of the Decedent;

3. **WHEREAS,** Plaintiffs, alleged to be Decedent's adult daughter and biological mother filed their initial complaint in Case No. 2:21-cv-2093-MCE-JDP on or about November 10, 2021, similarly asserting constitutional claims on their own behalf as well as constitutional, state law and survivorship claims for the wrongful death of the Decedent;

4. **WHEREAS** on or about January 7, 2022, this Court ordered the two above referenced matters related pursuant to Local Rule 123;

5. **WHEREAS,** Rule 42(a) of the *Federal Rules of Civil Procedure* permits a court to consolidate actions pending before it if those actions involve a "common question of law or fact" and a Court may consider several factors that would affect the litigation including the burden on parties, witnesses, judicial resources, the risk of inconsistent adjudications, the potential for prejudice, and the risk of delaying trial. *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1285 (2nd Cir. 1990); *Cantrell v. GAF Corp.,* 999 F.2d 1007, 1011 (6th Cir. 1993); *Malcolm v. National Gypsum Co.,* 995 F.2d 346, 350 (2nd Cir. 1993); *Mills v. Beech Aircraft Corp.,* 886 F.2d 758, 762 (5th Cir. 1989);

6. **WHEREAS,** the Parties now seek to consolidate the above related actions pursuant to F.R.C.P. 42;

7. **WHEREAS,** the above-referenced actions have both been properly filed in the United States District Court, Eastern District of California and involve the exact same facts and circumstances, the same percipient witnesses, share many of the same causes of action, would require the same legal analysis, and as such, satisfy the requirements for consolidation under Rule 42(a).

8. **WHEREAS,** consolidating these two cases would clearly serve the interests of justice: increases judicial efficiency, avoids duplicative evidence, procedures, and inconsistent adjudications, precludes waste, and alleviates potential burdens to the court and all parties involved. Furthermore, since both actions allege survivorship and wrongful death claims, consolidation will allow a final determination as to the propriety of such claims by each Plaintiff at the same time thus further substantiating the appropriateness of consolidating these actions. Indeed, California wrongful death statutes ordinarily require joint litigation of the heirs' claims in order to prevent a series of suits against the tortfeasor. *See e.g. Cross v. Pacific Gas & Elec. Co.*, 60 Cal.2d 690, 692-94, 36. Cal.Rptr. 321 (1964);

9. **WHEREAS,** there is no trial date scheduled in either case;

10. **WHEREAS,** the parties have met and conferred regarding a proposed schedule in the matter taking into consideration this Court's Scheduling Order.

## **STIPULATION**

**IT IS HEREBY STIPULATED,** by and between the Parties hereto through their respective attorneys of record that the above-referenced cases be consolidated for all purposes.

The Parties also agree/propose the following schedule, subject to the Court's approval, for the adjudication of the consolidated cases:

   a.  Close of Non-Expert Discovery: April 18, 2023;

   b.  Expert Disclosures: June 16, 2023 (within sixty days of close of discovery);

c. Supplemental Expert Disclosures: July 14, 2023 (within 30 days of expert disclosures);

d. Close of Expert Discovery : August 11, 2023 (more than 60 days prior to L/D to file Dispositive Motions);

e. L/D to file Dispositive Motions: October 13, 2023 (within 180 days of Close of Non-Expert Discovery).

f. Pretrial Conference: TBD;

g. Trial: TBD.

Dated: 9-12-22   Respectfully submitted,

/s/ Stewart Katz
Stewart Katz
Law Office of Stewart Katz

Dale K. Galipo
Hang Le
Law Office of Dale K. Galipo

Attorneys for Plaintiffs in 2:21-cv-1619

Dated: 9-16-22   /s/ Patrick Buelna
Patrick Buelna
Pointer & Buelna, LLP

Attorneys for Plaintiffs in 2:21-cv-2093

Dated: 9-13-22   /s/ Sean Richmond
Sean Richmond
City of Sacramento Attorney's Office

Attorneys for Defendants in 2:21-cv-1619, and 2:21-cv-2093

# ORDER

1. The above-referenced related cases – *A.A.M. individually and as successor in interest to Augustine Morales, Deceased et al. v. Defendant County of Sacramento et al.*, Case No. 2:21-cv-1619-MCE-JDP and *Roxanne Morales et al. v. County of Sacramento et al.*, Case No. 2:21-cv-2093-MCE-JDP – are **CONSOLIDATED FOR ALL PURPOSES.**

2. The Clerk is directed to file the Complaint (ECF No. 1) and Answer (ECF No. 5) previously filed in 2:21-cv-2093-MCE-JDP into the lead case 2:21-cv-1619-MCE-JDP;

3. The Clerk is directed to close the member case 2:21-cv-2093-MCE-JDP. Parties are directed to file all documents in 2:21-cv-1619-MCE-JDP only;

4. The following Scheduling Order shall apply to these consolidated actions:

    a. Close of Non-Expert Discovery: April 18, 2023;

    b. Expert Disclosures: June 16, 2023 (within sixty days of close of discovery);

    c. Supplemental Expert Disclosures: July 14, 2023 (within 30 days of expert disclosures);

    d. Close of Expert Discovery : August 11, 2023 (more than 60 days prior to L/D to file Dispositive Motions);

    e. L/D to file Dispositive Motions: October 13, 2023 (within 180 days of Close of Non-Expert Discovery).

    f. Pretrial Conference: TBD;

    g. Trial: TBD.

IT IS SO ORDERED.

DATED: September 22, 2022

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE